UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

STEVEN J. HAYES : CIVIL NO. 3:16CV00377 (AWT)

v. :

CARSON WRIGHT, ET AL. : JUNE 30, 2016

**ANSWER AND AFFIRMATIVE DEFENSES WITH JURY DEMAND**

In response to the allegations contained in the pro se complaint, the defendants respond, to the best of their knowledge and belief, as follows:

**As to section entitled, Jurisdiction**

1. As to paragraph 1, it is denied.

2. As to paragraph 2, it is denied.

**As to section entitled, Previous Lawsuits**

1. As to this section, the defendants are without sufficient knowledge to form a belief as to the truth of the matters stated therein and leave plaintiff to his proof.

**As to section entitled Notice To The Court**

1. Plaintiff's claims of wrongdoing, unconstitutional conduct, or illegal conduct by the defendants or their counsel, are denied.

2. As to the remainder of the claims in this section, defendants are without sufficient knowledge to form a belief as to the truth of the matters stated therein and leave plaintiff to his proof.

**As to section entitled, Nature Of Case**

3. Plaintiff's claims of wrongdoing, unconstitutional conduct, or illegal conduct by the defendants, are denied.

4. As to the remainder of the claims in this section, defendants are without sufficient knowledge to form a belief as to the truth of the matters stated therein and leave plaintiff to his proof.

**As to section entitled, Statement of Facts**

1. As to paragraph 1, defendants cannot admit or deny the allegations stated therein as they are presented in a manner which is vague and indistinct.

2. As to paragraph 2, defendants cannot admit or deny the allegations stated therein as they are presented in a manner which is vague and indistinct.

3. As to paragraph 3, defendants cannot admit or deny the allegations stated therein as they are presented in a manner which is unclear, vague and indistinct.

4. As to paragraph 4, it is denied.

5. As to paragraph 5, the defendants are without sufficient knowledge to form a belief as to the truth of the allegations stated therein and leave plaintiff to his proof.

6. As to paragraph 6, defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained therein and leave plaintiff to his proof.

7. As to paragraph 7, it is admitted that there are many terms used for the word "soy". As to the remainder of the allegations contained in this paragraph, they are denied.

8. As to paragraph 8, defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained therein and leave plaintiff to his proof.

9. As to paragraph 9, it is admitted that the three or four cook-chill meals that are served each week contain texturized vegetable protein (TVP). It is admitted that there is no “menu alert” that TVP is used. As to the remainder of the allegations contained in this paragraph, they are denied.

10. As to paragraph 10, defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained therein and leave plaintiff to his proof.

11. As to paragraph 11, it is admitted that plaintiff was at Northern CI during 2007. As to the remainder of this paragraph, it is denied.

12. As to paragraph 12, it is denied.

13. As to paragraph 13, it is denied.

14. As to paragraph 14, it is denied.

15. As to paragraph 15, it is admitted that at or around early 2008, plaintiff told medical staff that he was “passing out”. It is admitted that Dr. Wright was among the medical staff that treated the plaintiff in order to determine the cause of plaintiff’s “passing out”, including whether plaintiff had a seizure disorder.

16. As to paragraph 16, the defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained therein and leave plaintiff to his proof.

17. As to paragraph 17, the allegations pertaining to Dr. Wright are denied. As to the remainder of the allegations contained therein, the defendants are without sufficient knowledge to form a belief as to their truth and leave plaintiff to his proof.

18. As to paragraph 18, it is admitted that Dr. Wright provided medical treatment to the plaintiff and that Dr. Wright was aware of what plaintiff claimed to be his medical history. As to the remainder of the allegations against Dr. Wright, they are denied. As to the remainder of the allegations contained therein, the defendants are without sufficient knowledge to form a belief as to their truth and leave plaintiff to his proof.

19. As to paragraph 19, it is denied.

20. As to paragraph 20, it is admitted that during 2008, plaintiff was transferred to Garner CI. The allegations against Dr. Wright are denied. As to the remainder of the allegations contained therein, the defendants are without sufficient knowledge to form a belief as to their truth and leave plaintiff to his proof.

21. As to paragraph 21, it is admitted that plaintiff was confined at MacDougall CI at times during 2010. It is admitted that on or about April, 2010, Dr. Blanchette temporarily prescribed for the plaintiff, a diet without sauce or gravy. As to the remainder of the allegations contained in this paragraph, they are denied.

22. As to paragraph 22, it is admitted that plaintiff returned to Northern CI on or about December 2010. It is further admitted that Dr. Wright was the physician assign to Northern CI at that time. As to the remainder of the allegations contained in this paragraph, they are denied.

23. As to paragraph 23, it is admitted that plaintiff has raised numerous dietary issues with Dr. Wright, to include issues regarding soy. It is further admitted that Dr. Wright would not prescribe a soy free diet to the plaintiff as such was not medically necessary. As to the remainder of the allegations contained therein, the defendants are without sufficient knowledge to form a belief as to the truth of the matter stated therein and leave plaintiff to his proof.

24. As to paragraph 24, the defendants are without sufficient knowledge to form a belief as to the truth of the matter stated therein and leave plaintiff to his proof.

25. As to paragraph 25, it is admitted that plaintiff's weight has fluctuated and that there have been times when the medical staff has monitored plaintiff's weight. As to the remainder of the allegations contained therein, they are denied.

26. As to paragraph 26, it is denied.

27. As to paragraph 27, defendants are without sufficient knowledge to form a belief as to the truth of the allegations stated therein and leave plaintiff to his proof.

28. As to paragraph 28, it is denied.

29. As to paragraph 29, it is denied.

30. As to paragraph 30, it is admitted that, at various times, Dr. Wright has ordered a high calorie/high protein diet for the plaintiff. It is admitted that Dr. Wright has not ordered a soy free diet for the plaintiff. As to the remainder of the allegations contained therein, defendants are without sufficient knowledge to form a belief as to the truth of the matters stated therein and leave plaintiff to his proof.

31. As to paragraph 31, it is admitted that on or about November 13, 2013, plaintiff was brought to the University of Connecticut Health Center for a consultation with a gastroenterologist. As to the remainder of the allegations contained in this paragraph, they are denied.

32. As to paragraph 32, it is admitted that plaintiff was seen by a gastroenterologist on November 13, 2013. It is admitted further that plaintiff was thereafter scheduled for a colonoscopy and endoscopy following the recommendation of the gastroenterologist. It is admitted that the gastroenterologist recommended that plaintiff reduce his intake of NSAIDS and saucy foods. It is admitted that the gastroenterologist recommended a consult for hemicolectomy. It is admitted that plaintiff was continued on a high calorie/high protein diet. As to the remainder of the allegations contained in this paragraph, they are denied.

33. As to paragraph 33, it is admitted that on February 10, 2014, plaintiff underwent a colonoscopy and an endoscopy. It is admitted that diverticulosis were present. It is admitted that there was no evidence of diverticulitis. As to the remainder of the allegations contained in this paragraph, the defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained therein and leave plaintiff to his proof.

34. As to paragraph 34, it is admitted that on June 11, 2014, plaintiff was given a RAST test in order to diagnose food allergies, including soy allergies. As to the remainder of the allegations contained in this paragraph, they are denied.

35. As to paragraph 35, it is denied.

36. As to paragraph 36, it is admitted that both Dr. Wright and Dr. Wu reviewed the results of the RAST test. As to the remainder of the allegations contained in this paragraph, they are denied.

37. As to paragraph 37, it is denied.

38. As to paragraph 38, it is admitted that when diverticulosis becomes inflamed, diverticulitis may develop. As to the remainder of the allegations contained, defendants are without sufficient knowledge to form a belief as to the truth of the allegations stated therein and leave plaintiff to his proof.

39. As to paragraph 39, it is denied.

40. As to paragraph 40, it is denied.

41. As to paragraph 41, it is denied.

42. As to paragraph 42, it is admitted that Dr. Ducate and Dr. Blanchette temporarily ordered a diet for the plaintiff that contained no, or limited, sauces or gravies. As to the remainder of the allegations contained in this paragraph, they are denied.

43. As to paragraph 43, it is admitted that Dr. Wu and Dr. Wright have not ordered a special diet eliminating sauces and gravies for the plaintiff. As to the remainder of the allegations contained in this paragraph, they are denied.

44. As to paragraph 44, it is admitted that there is no medical evidence that plaintiff has a soy allergy. It is admitted that a soy free diet has not been prescribed for the plaintiff. As to the remainder of the allegations contained in this paragraph, they are denied.

45. As to paragraph 45, it is denied.

46. As to paragraph 46, it is denied.

47. As to paragraph 47, it is denied.

48. As to paragraph 48, it is denied.

49. As to paragraph 49, it is denied.

50. As to paragraph 50, it is denied.

51. As to paragraph 51, it is denied.

52. As to paragraph 52, it is denied.

53. As to paragraph 53, it is denied.

54. As to paragraph 56, it is denied.[1]

55. As to paragraph 57, it is denied.

56. As to paragraph 58, it is denied.

**As to section entitled, Summary of Complaint**

The allegations contained in this section are denied.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

This action, to the extent it seeks compensatory damages, is barred for lack of any physical injury under the PLRA. (Prison Litigation Reform Act.)

[1] The complaint does not contain paragraphs numbered 54 or 55.

## SECOND AFFIRMATIVE DEFENSE

Under the PLRA, prisoners are required to properly and fully exhaust administrative remedies as a prerequisite for an action under 42 U.S.C. §1983, and thus this action is barred, at least in part, for failure to exhaust.

## THIRD AFFIRMATIVE DEFENSE

To the extent this action seeks money damages from the defendants in their official capacities it is barred by the Eleventh Amendment to the United States Constitution.

## FOURTH AFFIRMATIVE DEFENSE

At all times relevant to the complaint the defendants acted in an objectively lawful manner, in good faith within the scope of their employment and without knowledge they were in violation of any clearly established rights of the plaintiff, and thus they are entitled to qualified immunity.

## FIFTH AFFIRMATIVE DEFENSE

The complaint fails to state a claim for which relief may be granted.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims for alleged constitutional violations which he claims occurred prior to March 7, 2013, are barred by the statute of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for alleged statutory violations or violations based on state torts or negligence on the part of the defendants, which he claims occurred prior to March 7, 2014, are barred by the statute of limitations.

**EIGHTH AFFIRMATIVE DEFENSE**

The Court should decline to exercise Supplemental Jurisdiction over novel and unsettled claims of state law, indeed any and all state law claims.

**NINTH AFFIRMATIVE DEFENSE**

To the extent that state law claims have been made in this action and to the extent that they are based on state torts or negligence on the part of the defendants, those claims are barred by Conn. Gen. Stat.§§4-141 through 4-164, by Conn. Gen. Stat. §4-165, and by the doctrine of sovereign immunity.

**DEFENDANTS' JURY DEMAND**

Pursuant to Rule 38 Fed. R. Civ. P, the defendants in this matter respectfully demand a trial by jury.

DEFENDANTS
Carson Wright, Johnny Wu and Richard Fury

GEORGE JEPSEN
ATTORNEY GENERAL

BY:_/s/ Madeline A. Melchionne_____________
Madeline A. Melchionne
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Federal Bar #ct02029
E-Mail: madeline.melchionne@ct.gov
Tel.: (860) 808-5450
Fax: (860) 808-5591

**CERTIFICATION**

I hereby certify that on June 30, 2016, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. A copy was also mailed to the following:

Steven J. Hayes, Inmate #97425
Northern Correctional Institution
287 Bilton Road
P.O. Box 665
Somers, CT 06071

/s/ Madeline A. Melchionne
Madeline A. Melchionne
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Federal Bar #ct02029
E-Mail: madeline.melchionne@ct.gov
Tel.: (860) 808-5450
Fax: (860) 808-5591