UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

STEVEN J. HAYES    :  CIVIL NO. 3:16CV00377 (AWT)

  v.         :

DR. CARSON WRIGHT, ET AL  :  NOVEMBER 13, 2017

## JOINT PRETRIAL MEMORANDUM

**1.**   **TRIAL COUNSEL**

  **a.**   **For the Plaintiff**:

    Steven Hayes, <u>pro</u> <u>se</u>
    CT Inmate no. 97425
    PA Inmate no. MQ5447
    State Correctional Institution
    I75 Progress Drive
    Waynesburo, PA 15370

  Plaintiff is <u>pro</u> <u>se</u> with assistance from Attorney David Smalls of Inmate'

Legal Assistance.  Counsel for the plaintiff may need to be added.

  **b.**   **For the Defendants**:

    Madeline A. Melchionne
    Assistant Attorney General
    110 Sherman Street
    Hartford, CT 06105
    Ph: 860.808.5450
    Fax: 860.808.5591
    e-mail: madeline.melchionne@ct.gov

    Steven R. Strom
    Assistant Attorney General
    110 Sherman Street
    Hartford, CT 06105
    Ph: 860.808.5450
    Fax: 860.808.5591
    e-mail: <u>steven.strom@ct.gov</u>

2.  **JURISDICTION**

Plaintiff states he is suing the CT State Employees for violating federal rights, under 42 U.S.C. §1983.

3.  **JURY/NON JURY**

a.  **Plaintiff:** Plaintiff elects a trial by Judge or Magistrate Judge and objects to a jury trial.

b.  **Defendants**:  Defendants have requested a trial by jury and consent to a jury trial with a magistrate judge.

4.  **NATURE OF THE CASE**

a.  **Plaintiff**:

This is a claim for deliberate indifference by the defendants for failing to follow/prescribe medical diet.

Cause of action: deliberate indifference.

Relief sought:  injunctive relief is moot-Pennsylvania has prescribed a no soy diet.

Compensatory damages: changed to forth thousand dollars for the 10 years of physical pain of starvation and IBS symptoms from denial of no soy diet.

Punitive Damage: Changed to sixty thousand dollars for the intentional infliction of pain and suffering.  The named defendants knew there was an issue and hid medical records to support lies in affidavits.

Plaintiff objects to any mention of death sentence or death row as it is meant to prejudice a jury. Death row prisoners are to receive the same standard of care as other prisoners. "Prisoner confined @ Northern" would be acceptable

**b.  Defendants**:

This is a 42 U.S.C. §1983 action brought against current and former employees of the State of Connecticut Department of Correction, Correctional Managed Health Care by a prisoner who, at the time of the allegations of the complaint, was sentenced to death and confined to Northern Correction Institution in a housing unit then known as death row. Plaintiff raised claims to include:

a.     That he has an allergy to soy products and that defendant Wright failed to prescribe a soy free diet;

b.     That defendant Dr. Wu was made aware of plaintiff's soy allergy and failed to intercede and prescribe a soy free diet.

Plaintiff seeks compensatory and punitive damages as well as injunctive relief.

It is the defendants' position that plaintiff tested negative for a soy allergy and that a soy free diet was not medically necessary. It is the defendants' position that plaintiff was provided with appropriate medical care and that they did not act with deliberate indifference toward a serious medical need.

As to plaintiff's statement that he objects to any mention of his crime or confinement to death row, these are facts and the jury is entitled to know these facts.  These facts go to plaintiff's lack of credibility.

**5.     STIPULATIONS OF LAW AND FACT**

The parties are unable to agree to any stipulations of either fact or law.

**6.     PLAINTIFF'S CONTENTIONS**

a.     Defendants Wright and Wu intentionally failed to acknowledge a non-Ige allergy was present; submitted false affidavits and redacted med file in <u>Hayes v Bruno</u>, 3:14CV1203@(Doc #73) Exhibit #16, #12.  Submitted same false affidavits in this case minus med file. Defendants disregarded prior ordered diet and specialist recommendations.

7.     **DEFENDANTS' CONTENTIONS**

a.     The defendants are entitled to qualified immunity;

b.     Plaintiff did not suffer any physical injury and this action is therefore barred under the Prison Litigation Reform Act;

c.     Plaintiff's claims for injunctive relief are moot;

d.     The defendants did not violate plaintiff's Eighth Amendment Rights;

e.     The plaintiff failed to exhaust his administrative remedies prior to bringing this action.

f.     Plaintiff is responsible to the State of Connecticut for the costs of his incarceration.  Should plaintiff win any monetary award as a result of this action, those monies are subject to recoupment by liens issued by the State of Connecticut.

The defendants had plaintiff tested for a soy allergy and the results were negative for a soy allergy.  There was no medical necessity for plaintiff to be prescribed a soy free diet.

8.     **LEGAL ISSUES**

a.  **Plaintiff**:

4

To determine if the defendants acted with the intentional deliberate indifference to plaintiff's medical needs.

**b. <u>Defendants</u>**:

a.     Whether the defendants are entitled to qualified immunity because at all times relevant to the complaint the defendants acted in an objectively lawful manner, in good faith within the scope of their employment and without knowledge they were in violation of any clearly established rights of the plaintiff, and thus they are entitled to qualified immunity;

b.     Whether this action, to the extent it seeks compensatory damages, is barred for lack of any physical injury under the Prison Litigation Reform Act;

c.     Whether this action is barred under the Prison Litigation Reform Act because the plaintiff failed to exhaust his administrative remedies;

d.     Whether, to the extent plaintiff seeks injunctive relief, his claims are moot as he is no longer confined to death row at Northern Correction Institution;

e.     Whether, at all time relevant to this complaint, the defendants acted lawfully and in accordance with the Constitution of the United States and at no time violated plaintiff's Eighth Amendment protections;

f.     Whether the defendants, at all times relevant to this complaint, acted with deliberate indifference to a serious medical need of the

plaintiff or whether they provided plaintiff with appropriate medical care as required by the Eighth Amendment to the United States Constitution.

9.    **VOIR DIRE QUESTIONS**

    a.  **Plaintiff:**

Not relevant with Judge or Magistrate trial/No objections

    b.  **Defendants:**

 See Attachment A: Defendants Voir Dire

10.   **LIST OF WITNESSES**

    a.  **Plaintiff's Witnesses**

        1.  **Carson Wright**

        To be questioned on why both his submitted affidavits fail to address all the medical documents that were with-held in defendants exhibits #10. #11 in Hayes v Bruno 3:14-CV-1203 Document #73. These two defendants improperly argued the soy issue in the Bruno case, filed false affidavits and with-held numerous medical documents that proved they lied. They are now attempting to do the same in this case on the same issue.   Will be questioned on his gastrointentional "Specialist" degree. Was he the one who removed medical documents prior to med file being submitted. Could he approve a diet without Dr. Wu's consent. Why did he diagnose me HIV+ in 2008.  All statements made in affidavits.

        **Defendants' Position**:   The defendants do not object to this witness.

### 2. <u>Johnny Wu</u>

To be questioned on why both his submitted affidavits fail to address all the medical documents that were with-held in defendants exhibits #10. #11 in Hayes v Bruno 3:14-CV-1203 Document #73.  These two defendants improperly argued the soy issue in the Bruno case, filed false affidavits and with-held numerous medical documents that proved they lied. They are now attempting to do the same in this case on the same issue.  Will be questioned on his gastrointestional degree as a specialist. Was he the one who removed medical documents prior to the med file being submitted.  All statements made in his affidavits.

**Defendants' Position**:  The defendants do not object to this witness.

### 3. <u>Gasto Specialist (Both)</u>

Plaintiff will also call gastro specialist (both) who consulted on November 13, 2013 to speak on their no soy/sauce recommendation, history they did and difference between anaphalytic/non IgE allergy or equalivent specialist once name is obtained.

**Defendants' Position**: Defendants object to any witness which has not been identified by name.

**b.** <u>Defendants' Witnesses</u>

### 1. <u>Dr. Carson Wright (Defendant)</u>

University of Connecticut

Correctional Managed Health
Northern Correction Institution
287 Bilton Road
P.O. Box 665
Somers, CT 06071

Dr. Wright will testify as to this education, training, and experience as a medical doctor.  He will testify as to the medical treatment available to inmates confined at Northern Correction Institution as well as the medical treatment provided to the plaintiff.

**Plaintiff's Position:** *Not provided by plaintiff*

## 2. <u>Dr. Johnny Wu (Defendant)</u>

Chief Operating Officer
Rutgers University
University Correctional Health Care
New Jersey Department of Corrections
Trenton, New Jersey 08625

Dr. Wu will testify as to this education, training, and experience as a medical doctor, an Internist, and as the former Medical Director for Correctional Managed Health Care.  He will testify as to the medical treatment available to inmates within the Department of Correction as well as the medical treatment provided to the plaintiff.  He will provide testimony relating to testing administered to the plaintiff to determine the presence of a soy allergy.

**Plaintiff's Position:** *Not provided by plaintiff*

## 3. <u>Robert DeVeau</u>

c/o Department of Correction
24 Wolcott Hill Road
Wethersfield, CT 06109

8

Robert DeVeau is a Nutritionist.  He will testify as to the soy content and nutritional value of foods to include food served to inmates confined in the Connecticut Department of Correction and the soy content of foods purchased by the plaintiff in the prison commissary.

**Plaintiff's Position:** Plaintiff objects <u>unless </u>food labels are submitted for <u>each</u> commissary item as evidence.

### 4. <u>Louis Failla</u>

Commissary Manager
Connecticut Department of Correction
24 Wolcott Hill Road
Wethersfield, CT 06109

Mr Failla will testify as to the commissary food purchases made by the plaintiff while he was confined in the State of Connecticut

**Plaintiff's Position:** Plaintiff objects <u>unless </u>food labels are submitted for <u>each</u> commissary item as evidence.

### 5. <u>Medical Records Keeper</u>

Medical Department
Pennsylvania Department of Correction
SCI at Greene
175 Progress Drive
Waynesburg, PA 15370

This witness will testify as to entries in plaintiff's Pennsylvania Department of Correction medical chart.

**Plaintiff's Position:** Plaintiff's position as to this witness is unknown as defendants' counsel added this witness after plaintiff's responses were received.  Defendants ask that plaintiff be allowed to notify the court if he objects to this witness.

9

11.   **EXHIBITS**

a.  **Plaintiff's Exhibits**

**Pl. Ex. 1: Medical File under seal, Exhibit #10, #11 submitted in (Doc. #73) in Hayes v Bruno 3:16CV1203(AWT)**

See included page. This was medical file submitted to back affidavits from Wright and Wu. It is a certified copy on the record with the court.  It is the Court's copy plaintiff is requesting so tampering cannot be done.  It's being offered to show the named defendants lied in affidavit stating "no medical evidence is present".

**Defendants' Position:**  No Objection

**Pl. Ex. 2: All exhibits in Document #10 of Hayes v Wright, this case. Defendants' Position:**

Exhibits submitted in Document #10 Preliminary Injunction are all the medical records found in plaintiff's medical file to include RAST results, UCONN GI specialist records, grievance reports, and Diet orders of Dept of Corr Doctors.  These are being offered to show the court/jury what defendants wanted to hide.

**Defendants' Position:** Objection. This proposed contains multiple individual documents and must be listed separately.

**Pl Ex. 3: Affidavits of Carson Wright and Johnny Wu, dated July 6, 2016 and prior affidavits dated October 1, 2014.**

**Defendants' Position:**  No Objection

**Pl. Ex. 4: Pennsylvania Medical records approving a no soy diet**

**Defendants' Position:**  Defendants object to this partial exhibit but would not object if plaintiff's entire Pennsylvania Department of Correction medical chart was admitted.

**Plaintiff's Response:**    Plaintiff objects since entire file was not provided to plaintiff's attorney Jen Bourn.

**b.  Defendants' Exhibits**:

**Def. Ex. 501: Judgment Mittimus for Plaintiff, dated December 2, 2010**

This exhibit states the date of plaintiff's conviction as well as the crimes for which he was convicted.

**Plaintiff's Position:** Plaintiff strongly objects. This is meant to prejudice jury. All criminals regardless of crime have a right to equal medical treatment so crimes are not relevant.

**Def. Ex. 502: Certified Copy of Plaintiff's Connecticut Department of Correction Medical File**

This document will show plaintiff's medical situation, to include medical treatment provided to him, while he was confined in the State of Connecticut.

**Plaintiff's Position:**  Plaintiff objects since defendants already submitted certified copy on Hayes v Bruno. Unless defendants admit in open court prior submission did not contain numerous relevant documents.

**Def. Ex. 503**: **Certified Copy of Plaintiff's Pennsylvania Department of Correction Medical Records**

This document will show plaintiff's medical situation, to include medical treatment provided to him, while he was confined in the State of Pennsylvania.

**Plaintiff's Position:** Plaintiff objects. Defense attorney Jen Bourn did not receive entire medical file. Unless defendants turn over a copy of this exhibit by November 20, 2017.

**Def. Ex. 504**: **Certified Copy of Commissary Purchase Orders (CT)**

This document will show commissary food purchases made by the plaintiff while he was confined at Northern Correction Institution.

**Plaintiff's Position:** Plaintiff objects unless copy of food label is also included for each food item.  This is because <u>all</u> processed food does contain some soy in some form. Food labels list ingredients in order of content, 1st item listed is the most found ingredient. Defendants are attempting to misrepresent the truth with a partial exhibit.

**Def. Ex. 505**: **Certified Copy of Commissary Purchase Order (PA)**

This document will show commissary food purchases made by the plaintiff while he was confined in the State of Pennsylvania.

**Plaintiff's Position**: Plaintiff objects unless the same standard as Def. Ex. 504.

**Def. Ex. 506**: **Certified Copy of the Connecticut Department of Correction Menu**

This document will show a typical menu cycle and foods provided to inmates confined in the Connecticut Department of Correction.

**Plaintiff's Position**: Plaintiff objects unless it is a current 2016-2017 winter/spring cycle. Aramark recently took over food service when this occurred changes were made that made main line meals acceptable for non-IgE allergies.  The old food service company had excessive TVP in main meals.

12.   **DEPOSITION TESTIMONY**

None.

13.   **REQUESTS FOR JURY INSTRUCTIONS**

a.   **Plaintiff:** Has None

b.   **Defendants:**

See Defendants' Appendix B, Defendants' Proposed Jury Instructions

**Plaintiff's Position:**  Plaintiff objects to any mention of crime or death row in any form.  These have no relevance on standard of treatment and are meant to prejudice the jury.

**Defendants' Response:** Plaintiff's crime and confinement to death row are facts and the jury is entitled to know these facts.  These facts go to plaintiff's lack of credibility.

14.   **ANTICIPATED EVIDENTIARY PROBLEMS**

a.   **Plaintiff**

Defendants may object to admission of Exhibit #10, #11 they submitted in Hayes v Bruno. Plaintiff contends its relevance goes to defendants' credibility regarding affidavits and soy issue.  Defendants omitted numerous med documents in exhibit #10 #11 that prove non-Ige

13

soy allergy existed and falsified October 1, 2014 affidavits as well as July 6 2016 affidavits.

Plaintiff only wishes to have the <u>court</u> <u>present</u> the prior submitted certified copy of medical records the defendants submitted in Hayes v Bruno 3:16CV1203 @document #73 exhibits 10, 11.  The court's copy is certified and will show the defendants omitted numerous medical documents to misrepresent the truth on the soy issue.

b.  <u>**Defendants**</u>:

Defendants reserve the right to object to these documents at trial.

15. <u>**PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**</u>

a.  <u>**Plaintiff**</u>

Plaintiff restates argument stated in Document #10 Motion for Preliminary Injunction. Plaintiff objects to jury trial.

b.  <u>**Defendants**</u>

The defendants have requested a trial by jury.

16. <u>**ESTIMATED TRIAL TIME**</u>

The parties estimate that trial will take approximately three days.

17. <u>**COURTROOM TECHNOLOGY**</u>

a.  <u>**Plaintiff**</u>:

Courts ability to compare affidavits submitted in (Doc#73 Hayes v Bruno) with presently submitted affidavits. Courts ability to review Exhibits #10 #11 med file under seal (Doc. #73 Hayes v Bruno)

b.  <u>**Defendants**</u>:

Defendants will require the use of courtroom technology during the trial. Technology shall include, but is not limited to, showing videos which are on DVD's as well as use of the ELMO document projector.  Counsel for the defendants specifically represents that they shall submit requests for such technology on the Request for Courtroom Technology Form (located on the Court's website) at least two weeks prior to the scheduled trial date.

Also, the defendants will ask the Court that the medical records keeper from the Pennsylvania Department of Correction be allowed to testify by video.

18.  **FURTHER PROCEEDINGS**

a.  **Plaintiff:**

Hearing on admissibility of Exhibits #10 #11 (Doc #73)

b.  **Defendants**:

No further proceedings are anticipated.

19.  **ELECTION FOR TRIAL BY MAGISTRATE JUDGE**

The parties elect a trial by Magistrate Judge. The defendants have asked for a trial by jury and consent to a Magistrate Judge presiding over the jury trial.

Plaintiff agrees to a trial by Magistrate Judge, objects to a jury trial.

DEFENDANTS
William Mulligan, Et Al.

GEORGE JEPSEN
ATTORNEY GENERAL


BY: _/s/ Madeline A. Melchionne_____
        Madeline A. Melchionne
        Assistant Attorney General
        110 Sherman Street
        Hartford, CT 06105
        Tel.:  (860) 808-5450
        Fax:  (860) 808-5591
        E-mail:madeline.melchionne@ct.gov
        Federal Bar #ct02029


BY: _/s/ Steven R. Strom_____
        Steven R. Strom
        Assistant Attorney General
        110 Sherman Street
        Hartford, CT 06105
        Tel.:  (860) 808-5450
        Fax:  (860) 808-5591
        E-mail:  steven.strom@ct.gov
        Federal Bar #ct01211


        PLAINTIFF
        Steven Hayes


BY:_____
        Steven Hayes
        CT Inmate no. 97425
        PA Inmate no. MQ5447
        SCI at Greene
        175 Progress Drive
        Waynesburg, PA 15370

16

## **CERTIFICATION**

I hereby certify that on November 13, 2017, a copy of the foregoing was filed electronically.   Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.   Parties may access this filing through the Court's system.   A copy was also mailed to the following:

> Steven Hayes
> CT Inmate no. 97425
> PA Inmate no. MQ5447
> SCI at Greene
> 175 Progress Drive
> Waynesburg, PA 15370

_/s/ Madeline A. Melchionne_

Madeline A. Melchionne
Assistant Attorney General