UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

STEVEN J. HAYES                    :         CIVIL NO. 3:16CV00377 (AWT)

   v.                             :

DR. CARSON WRIGHT, ET AL           :         NOVEMBER 13, 2017

## APPENDIX B

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

## I.    NATURE OF THE ACTION

1.      The Eighth Amendment to the United States Constitution provides that no one shall be subjected to cruel and unusual punishment. The Plaintiff in this matter is Steven Hayes.  Plaintiff is a convicted Connecticut prisoner currently confined in the State of Pennsylvania.  At the time of the incident alleged in his complaint, plaintiff was confined to death row at Northern Correctional Institution.  Northern is this State's highest security prison.  The defendants are a physician employed by the Department of Correction Correctional Managed Health Care to provide medical care to inmates, and the Medical Director for Correctional Managed Health Care. Plaintiff claims that defendant physicians were deliberately indifferent to his serious medical needs by not prescribing a soy free diet.

2.      Defendants deny that they were deliberately indifferent to plaintiff's serious medical needs under the Eighth Amendment.  The defendants include Dr. Carson Wright and Dr. Johnny Wu.

3.      Under the Eighth Amendment to the U.S. Constitution, every person convicted of a crime or a criminal offense has the right not to be subjected to cruel and unusual punishments.  Section 1983, the federal civil rights statute under which Mr. Hayes sues, is known as 42 U.S.C. §1983.  This federal statute provides that a person may seek relief in this court for money damages against any person or persons who, under color of any state law or custom, subjects such person to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

**Authority:** <u>See</u> 42 U.S.C.A. § 1983; 3B Fed. Jury Prac. & Instr. § 166:10 (6th ed.), 3B Fed. Jury Prac. & Instr. § 166:10 (6th ed.)

4.      The federally protected right asserted by the plaintiff arises from that portion of the Eighth Amendment of the United States Constitution which prohibits the infliction of cruel and unusual punishment even upon a convicted felon, such as the plaintiff.

**Authority:** <u>Lugar v. Edmondson</u> 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); <u>Imbler v Pachtman</u>, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1978); <u>Mitchum v. Foster</u>, 407 U.S. 225, 92 S.Ct. 2151, 32 L. Ed.2d 705 (1972); <u>Monroe v. Pape</u>, 365 U.S. 167, 81 S.Ct. 473, 5 L.ed.2d 492 (1961).

## II.   BURDEN OF PROOF

5.      The plaintiff has the burden of proving each essential element of his Section1983 claim by what is known as a "preponderance of the evidence".  To prove a claim by a preponderance of the evidence means that Mr. Hayes will have to prove that his claim is more likely true rather than untrue.  The weight of

the evidence must tip the balance of scales, if you were to imagine a set of scales in balance, ever so slightly in favor of Mr. Hayes, by the weight of the credible evidence.  If you find that any of the elements of Mr. Haye's Section1983 claims have not been proven by a preponderance of the evidence, than you must return a verdict in favor of the defendants.

**Authority:**  Twitty v. Salius, 3:04CV410 (DFM) (Doc. #203) at 19; from 4 L. Sand, et al Modern Federal Jury Instructions, Instruction 87-67 (2009)

### A.   **Impeachment By Felony Conviction**

6.   You have heard evidence that Mr. Hayes was previously convicted of crimes punishable by more than one year in jail.  These prior convictions were put into evidence for you to consider in evaluating the witness' credibility.  You may factor in these convictions in deciding how much of his testimony to accept and what weight, if any, it should be given.

**Authority:** United States v. Corcione, 592 F.2d 111 (2d Cir.), cert. denied, 440 U.S. 975 (1979); Modern Federal Jury Instructions, d 76.01, Instruction 76-6. Rule 609(a), Federal Rules of Evidence.

### B.   **Deference To Prison Officials**

7.   The defendant correction officials are required by law to maintain safety and security, and may lawfully restrict Mr. Hayes' exercise of his constitutional rights when doing so is reasonably related to legitimate penological objectives or correctional goals.

**Authority:** O'Lone v. Estate of Shabazz, 482 U.S. 342 (1987).

3

8.     Thus, the defendants may lawfully implement policies and procedures which may infringe upon or restrict an inmate's constitutional rights so long as that restriction is reasonably related to a legitimate penological interest such as preventing an injury to staff.

**Authority:**  Turner v. Safley, 482 U.S. 78, 89-90 (1987).

9.     The United States Supreme Court has established a "minimum intrusion" policy into the decisions of State prison administrators that provides the defendant prison officials with wide discretion in the operation of prison facilities.

**Authority:**  Procunier v. Martinez, 416 U.S. 396 (1974).

10.     The Supreme Court has also said that "Courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform. . . Moreover, where state penal institutions are involved, federal courts have a further reason for deference to the appropriate prison authorities."

**Authority:**  Procunier v. Martinez, 416 U.S. 396, 405 (1974)

### C.     Negligence is Not A Ground To Find For The Plaintiff

11.     An act is negligent if the defendant was under a duty or obligation, recognized by law, that required him to adhere to a certain standard of conduct to protect others against unreasonable risks, and he breached that duty or obligation.  Again, you may not find for the plaintiff against the defendants if you find that the defendants' actions were merely negligent.  I emphasize:  the defendants must have been more than negligent in order for you to find them liable.  They must have acted with the requisite culpable state of mind as explained above.

4

**Authority:**  Modern Federal Jury Instructions, ¶ 87.03, Instruction 87-78.

III.    **ELEMENTS OF A 42 U.S.C. §1983 CLAIM**

12.     In order to prove each of his claims under Section 1983, Plaintiff must establish, by a preponderance of the evidence, the following three elements:

      a.     First, that the defendant prison officials, acted under color of the authority of the State of Connecticut;

      b.     Second, that the defendants deprived the him of his constitutional rights; and

      c.     Third, that the acts of the defendants were the proximate or legal cause of his injuries as alleged in his complaint.

Mr. Hayes cannot recover any damages unless he establishes, by a preponderance of the evidence, each of these three elements.

**Authority:** Modern Federal Jury Instructions ¶ 87.03, Instruction 87-68; Court's Instructions to the Jury in King v. Crose, et al, No. 3:93CV-1273; Parratt v. Taylor, 451 U.S. 527, 101 S.Ct 1908 (1981).

    A.    **First Element: Action Under Color of State Law**

13.     The first element Mr. Hayes needs to prove is that the defendants were acting under color of state law at the time of the incidents alleged in the complaint.  The defendants all acknowledge that they were employed by the State of Connecticut, Department of Correction during the period covered in the Complaint.  I therefore instruct you, as a matter of law, that if you find that a defendant was working and was present at the time of the incidents alleged in the complaint, then the defendant was acting under color of state law during the time that that defendant was on duty.

**Authority:**  Modern Federal Jury Instructions ¶ 87.03, Instructions 87-70.

###### B.      Second Element: Deprivation of A Constitutional Right

14.      The second element of Mr. Hayes' claim is that he was deprived of a federal right by the defendants.   Specifically, Mr. Hayes' claims that the defendants deprived him of his right to be free from cruel and unusual punishment by failing to provide him with medical care in violation of the Eighth Amendment to the United States Constitution.

While it is up to you, the jury, to weigh all of the evidence and reach your own determination as to the facts of this case, there are standards for you to apply in determining whether the facts found by you constitute a violation of the Eighth Amendment to the United States Constitution.

15.      The Eighth Amendment prohibits cruel and unusual punishment. To prove a violation of the Eighth Amendment, Mr. Hayes has the burden to prove:

(1)      That the deprivation alleged is objectively sufficiently serious such that he was denied the minimal civilized measure of life's necessities; and

(2)      That each of the defendants possessed a sufficiently culpable state of mind associated with the unnecessary and wanton infliction of pain.

**Authority:** Farmer v. Brennan, 511 U.S. 825, 834, 128 L.Ed.2d 811, 114 S.Ct. 1970 (1994) (quoted in Gaston v. Coughlin, 249 F.3d 156, 164 (2d Cir. 2001)).

1. __Plaintiff's Claims__

16.    Keeping these general requirements of a Section1983 civil rights claim in mind, I will now instruct you concerning the specific constitutional rights of which Mr. Hayes claims he was deprived.

i.    __Deliberate Indifference to a Serious Medical Need__

17.     Mr. Hayes claims that he has a soy allergy and that the defendants failed to provide him with a soy free diet. The defendants deny that plaintiff has a soy allergy and deny that a soy free diet was medically necessary.

In order to prevail on his claim that the defendants were deliberately indifferent to his medical needs, Mr. Hayes must prove by a preponderance of the evidence (1) that the deprivation alleged is "objectively sufficiently serious" such that he was denied the "minimal civilized measure of life's necessities," and (2) that the defendant official possessed a "sufficiently culpable state of mind" associated with "the unnecessary and wanton infliction of pain".

__Authority:__ Trammel v. Keane, 338 F.3d 1555 (2d Cir. 2003).

18.    An inmate must rely upon prison authorities to treat his serious medical needs; if the authorities deliberately fail to do so, those needs will not be met, and the Eighth Amendment right to be free from cruel and unusual punishment would be violated.

__Authority:__ Estelle v. Gamble, 429 U.S. 97 (1976).

19.    Deliberate indifference to serious medical needs of prisoners may constitute the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment.

**Authority:**  Smith v. Carpenter, 316 F. 3d 178 (2003)

20.    This is true whether the indifference is manifested by prison doctors or by prison correction officer in intentionally denying or delaying access to medical care or intentionally interfering with treatment, once it is prescribed. However, inadvertent failure to provide adequate medical care is not an unnecessary and wanton infliction of pain.

**Authority:**  Estelle v. Gamble, 429 U.S.  97 at 104-05.

21.    In order for Mr. Hayes to prevail on his claim of a deliberate indifference by the defendant to his serious medical needs, Mr. Hayes bears the burden of proof and must meet both prongs of a two-prong standard.  First, the alleged deprivation must be, in objective terms, "sufficiently serious".  Second, the charged employee or official must be personally involved and also must act with a sufficiently culpable state of mind.

**Authority:**  Hathaway v. Coughlin, 37 F.3d 63 (2d Cir. 1994); Wilson v. Seiter, 501 U.S. 294, 298 (1991).

22.    Deliberate indifference requires more than mere negligence.  "A prison official does not act in a deliberately indifferent manner unless the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists and he must also draw the inference."

**Authority:**  Farmer v. Brennan, 511 U.S. 825, 838 (1994).

23.    "A prisoner's mere disagreement with his prescribed treatment does not afford a basis for relief under §1983". Prisoners have no right to the

medical treatment of their choice, so long as the prescribed treatment is based on applicable medical standards.   A prisoner's disagreement over a doctor's judgment or course of treatment, for instance, alone does not state a claim under Section1983.

**Authority:** Tomarkin v. Ward, 534 F.Supp. 1224, 1230 (S.D.N.Y. 1982); Grimes v. Chernovetz, Civ. No. B-90-436 (WWE), 1991 U.S. Dist. LEXIS 14798 (D. Conn. 1991); McCloud v. Delaney   677 F.Supp. 230, 232 (S.D.N.Y. 1988). See also, United States ex rel. Hyde  v. McGinnis, 429 F.2d 86, 866 (2d Cir. 1970)

### ii.    Supervisory Liability[1]

24.    The plaintiff contends that Dr. Wu's subordinate, Dr. Wright, violated his federal rights, and that Dr. Wu should be liable for Dr. Wright's conduct. If you find that Dr. Wright violated the plaintiff's federal rights, then you must consider whether Dr. Wu caused Dr. Wright's conduct.

Dr. Wu is not liable for such a violation simply because Dr. Wu is Dr. Wright's supervisor.  To show that Dr. Wu caused Dr. Wright's conduct, the plaintiff must show one of three things:

First:  Dr. Wu directed Dr. Wright to take the action in question;

Second:  Dr. Wu had actual knowledge of Dr. Wright's violation of the plaintiff's rights and Dr. Wu acquiesced in that violation; or

Third:  Dr. Wu, with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused the violation.

The first way for the plaintiff to show that Dr. Wu is liable for Dr. Wright's conduct is to show that Dr. Wu directed Dr. Wright to engage in the conduct. The plaintiff

---

[1] 1diam-3 Modern Federal Jury Instructions, 4.6.

need not show that Dr. Wu directly, with his own hands, deprived the plaintiff of his rights. The law recognizes that a supervisor can act through others, setting in motion a series of acts by subordinates that the supervisor knows, or reasonably should know, would cause the subordinates to violate the plaintiff's rights. Thus, the plaintiff can show that Dr. Wu caused the conduct if the plaintiff shows that Dr. Wright violated the plaintiff's rights at Dr. Wu's direction.

Alternatively, the second way the plaintiff can show that Dr. Wu is liable for Dr. Wright's conduct by showing that Dr. Wu had actual knowledge of Dr. Wright's violation of the plaintiff's rights and that Dr. Wu acquiesced in that violation.  To "acquiesce" in a violation means to give assent to the violation.  Acquiescence does not require a statement of assent, out loud: acquiescence can occur through silent acceptance. If you find that Dr. Wu had authority over Dr. Wright and that Dr. Wu actually knew that Dr. Wright was violating the plaintiff's rights but failed to stop Dr. Wright from doing so, you may infer that Dr. Wu acquiesced in Dr. Wright's conduct.

Finally, the third way for the plaintiff to show that Dr. Wu is liable for Dr. Wright's conduct is to show that Dr. Wu, with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused the conduct.

To prove that Dr. Wu is liable for Dr. Wright's conduct based on Dr. Wu's failure to stop that policy, the plaintiff must prove all of the following four things by a preponderance of the evidence:

First:   The existing policy governing allergy testing for inmates created an unreasonable risk of injury to the plaintiff.

Second: Dr. Wu was aware that this unreasonable risk existed.

Third:  Dr. Wu was deliberately indifferent to that risk.

Fourth: the decision to not place plaintiff on a soy free diet resulted from Dr. Wu's failure to follow the appropriate policy for allergy testing.

### C.   Third Element: Proximate Cause

25.   The third element which Mr. Hayes must prove is that the defendants' acts were the proximate cause of his injuries.  Proximate cause means that there must be a sufficient causal connection between the act or omission of each defendant and any injury or damage allegedly sustained by the plaintiff. An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing the injury, that is, if the injury or damage was a reasonably foreseeable consequence of each defendant's acts or omissions. If an injury was a direct result of or a reasonably probable consequence of each defendant's acts or omissions, it was proximately caused by such act or omission.  In other words, if a defendant's act or omission had such an effect in producing the injury that a reasonable person would regard it as being a cause of the injury, then the act or omission is a proximate cause.

In order to recover damages for any injury, the plaintiff must show by a preponderance of the evidence that the injury would not have occurred without the conduct of the defendants.  If you find that the plaintiff is complaining about an injury which would have occurred even in the absence of that defendant's conduct, then you must find that the defendant did not proximately cause plaintiff's injury.

11

A proximate cause need not always be the nearest cause either in time or in space.  In addition, there may be more than one proximate cause of the injury or damage.  Many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.

A defendant is not liable if plaintiff's injury was caused by a new or independent source of an injury which intervenes between the defendant's acts or omissions and the plaintiff's injury and which produces a result which was not reasonable foreseeable by the defendant.  Nor would a defendant be liable if the plaintiff caused his own injuries through his own behavior or actions.

If you find that Mr. Hayes suffered some injury, but that his injury was the cause of his own behavior or his failure to follow instructions, then the defendants would not be liable for his injury.

**Authority:**  Modern Federal Jury Instructions, ¶87.08, Instruction, 87-79; Graham v. Western Line Consolidated School District, 439 U.S. 410 (1979); Mt. Healthy School District Board of Educ. V. Doyle, 429 U.S. 274 (1977).

## IV.   DAMAGES

26.   Because the plaintiff is making a claim for money damages in this case, I must discuss the law of damages with you.  You should not take this discussion to suggest that any of the defendants violated plaintiff's rights or that they did not act in good faith.  You should not consider the question of damages at all, unless you have determined first, that a defendant violated the plaintiff's rights, and second, that the defendant did not act in good faith.

I merely give you these instructions on the law of damages so that, in the event you do come to the conclusion that the plaintiff is entitled to recover, you will have sufficient guidance in arriving at a proper verdict.

And I want to repeat here that with regard to the matter of injuries and the matter of the damages, the same rule relative to the burden of proof on the plaintiff still applies.   In other words, the burden is on plaintiff to prove these elements of damage by a fair preponderance of the evidence; just as it was in connection with his claimed allegations on the issue of liability.

**Authority**:   Eulo v. Deval Aerodynamics, Inc., 47 F.R.D. 35 (E.D. Pa. 1969) *modified on other grounds,* 430 F.2d 325 (3d Cir. 1970), *cert. denied,* 401 U.S. 974, 91 S.Ct. 1189, 28 L.Ed.2d 322 (1971); Krieger v. Bausch, 377 F.2d 398 (10th Cir. 1967).

27.    The plaintiff may not recover for emotional or mental distress alone. He may only recover for emotional and mental distress if he first establishes that he suffered a physical injury as a result of defendants' actions.

**Authority**: 42 U.S.C. § 1997e; Thompson v. Carter, 284 F.3d 411 (2d Cir. 2002).

28.    The physical injury must be something more than "de minimis", that is, lacking in significance or importance.

**Authority**: Liner v Goord, 196 F.3d 132, 135 (2d Cir. 1999), citing Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997)

29.    When monetary damages are sought in a lawsuit brought under Title 42, Section l983 of the United States Code, such as in this case, the burden is on the plaintiff to prove that each defendant against whom money damages

are sought was personally involved in or responsible for the alleged violation of the plaintiff's constitutional rights.

**Authority:** Johnson v. Glick, 481 F.2d 1028, 1034. (1973).

30.     If you find under the previous instructions that one or more of the defendants are liable to pay for damages you must say which of the defendants is so liable and you must state what are the just damages which you have determined.

In this regard, you should keep in mind that although all of the defendants are officers or employees of the State of Connecticut, they are being sued in their individual capacities and hence are exposed to payment of any damages which you award in their individual capacity.

You may also keep in mind that the plaintiff is an inmate whose daily living expenses, including food, clothing, and medical expenses, are being paid for by the State of Connecticut.

There are two kinds of damages claimed by the plaintiff in this case.

### A.     Compensatory Damages

31.     The first is compensatory damages; that is, a sum of money to compensate the Mr. Hayes for the denial of his federal constitutional rights for the alleged violation of his constitutional rights.

In estimating damages in a case of this sort, you are not at liberty to guess or infer what the damages are.  You must use your best judgment, remembering always that it is incumbent upon Mr. Hayes, even if you find that he is entitled to recover, to prove, by a fair preponderance of the evidence, the amount of the

damages to which he is entitled.  It must be fairly proved that the verdict, if you come to a verdict for him, is one which in your sound judgment represents the damages to which he is entitled under the rule applicable in the situation.

The law does not recognize an inherent or abstract monetary value of a constitutional right; therefore, no compensatory damages may be awarded for a violation of a constitutional right absent proof of actual physical injury or loss.  If you do find that a defendant violated Mr. Hayes' constitutional rights, but you do not find that he suffered an actual physical injury or loss by virtue of his constitutional rights having been violated, then you may only award nominal damages of no more than one dollar for each violation of plaintiff's constitutional rights.

**Authority:**  Story Parchment Co. v. Paterson Parchment Paper Co., 282 U.S. 555 (1931); Kinty v. United Mine Workers of America, 544 F.2d 706 (4th Cir. 1976), cert. denied 429 U.S. 1093 (1977); Northwestern National Casualty Co. v. McNulty, 307 F.2d 432 (5th Cir. 1962); U.S. Castings Co. v. Knight, 754 F.2d 1363 (7th Cir. 1985); Luria Brothers & Co. v. Pielet Brothers Scrap Iron Metal, Inc., 600 F.2d 103 (7th Cir. 1979).

The rule for measuring compensatory damages may be briefly summarized as follows:  The plaintiff is to get fair and just compensation for the injuries which he has suffered.  It is for you, in the exercise of your best judgment, to say what is fair and just compensation to him insofar as money will compensate for the injury which he has suffered.  There is no fixed rule which you can apply.  You have to apply sound, common sense in reaching the amount

of your verdict.  Of course, in considering that, you are bound by the allegations of the pleadings, and also you must disregard any suffering which has come to him from other causes.

**Authority:** See, Wright, Conn. Jury Instructions, Sec. 226a.

32.     In determining the amount of a damage award, you should also consider that all the plaintiff's medical expenses have been paid by the State of Connecticut.

### i.     Nominal Damages: Damages For The Mere Fact of A Violation

33.     If you return a verdict for Mr. Hayes but find that he has failed to prove by a preponderance of the evidence that he suffered any actual damages, then you may return an award of nominal damages not to exceed the sum of one dollar.

Nominal damages may be awarded when the plaintiff has been deprived by the defendants of a Constitutional right but has suffered no actual damage as a natural consequence of that deprivation.  The mere fact that a Constitutional deprivation occurred is an injury to the person entitled to enjoy that right, even when no actual damages flow from the deprivation.  Therefore, if you find that plaintiff has suffered no injury as a result of the defendants' conduct other than the fact of a Constitutional deprivation, you may award nominal damages not to exceed one dollar.

**Authority:**  Carey v. Piphus, 435 U.S. 247 (1978); Familias Unidas v. Briscoe, 619 F.2d 391 (5th Cir. 1980); Williams v. Bennett, 689 F.2d 1370 (11th Cir. 1982).

### ii.  Only One Recovery

34.    In considering damages in general, plaintiff puts forth several grounds for liability.  If you find liability, you may award damages to compensate for the injury, but you may not award damages twice for the same injury.  Having recovered for an injury once, the plaintiff cannot be compensated a second time for the same injury.

**Authority**: Virgo v. Lyons, 209 Conn. 497, 551 A.2d 1243 (1988).

### iii.  Mitigation of Damages

35.    In considering damages to award to a plaintiff, you must determine whether that plaintiff could have done something to lessen the harm that was suffered.  The burden is on the defendants to prove, by a preponderance of the evidence, that a plaintiff could have lessened the harm that was done to them and that they failed to do so.  If the defendants convince you that a plaintiff could have reduced the harm done to him but failed to do so, the plaintiff is entitled only to damages sufficient to compensate him for the injury that he would have suffered if he had taken appropriate action to reduce the harm done to himself.

**Authority**:    Adapted from 5 Hon. Leonard B. Sand, *et al.,* Modern Jury Instructions, Instructions 87-34 and 87-90 (September 1997).

### B.  Punitive Damages

36.    The second type of damages which plaintiff claims in this case called is punitive damages.   As the name suggests, punitive damages are designed to make an example of or to punish a wrongdoer.

Only if you decide to award compensatory or nominal damages to Mr. Hayes may you then consider whether or not to award him punitive damages. The law permits the jury, under certain circumstances, to award punitive damages in order to punish a wrongdoer for some exceptional misconduct and to serve as an example or warning to others not to engage in wrongful conduct. If you find the issues in favor of the plaintiff and award compensatory damages on a constitutional claim and if you further find that the acts of either one or any of the defendants were done sadistically or maliciously to cause harm to the plaintiff, then you may award punitive damages as you find proper, relating to a constitutional claim.

**Authority:** Whitley v. Albers, 475 U.S. 312 (1986).

37.     Whether or not to make any award of punitive damages is a matter exclusively within the province of the jury.  However, you must bear in mind that punitive damages are only allowed if you have first found that plaintiff is entitled to compensatory damages, even if such damages are nominal.  You must also bear in mind that the law requires that punitive damages, if awarded, must be fixed with calm discretion and sound reason.  They must never be awarded because of bias, sympathy or prejudice with respect to any party to the case.

Even if all the above-noted requirements are met, the award of punitive damages is discretionary, that is, if you find the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

**Authority:** Modern Federal Jury Instructions ¶ 87.03, Instruction 87-92; <u>Smith v. Wade</u>, 461 U.S. 30 (1982).

## V.   **AFFIRMATIVE DEFENSES**

38.    If you find that none of the defendants deprived the plaintiff of his Eighth Amendment rights, then you do not have to consider any of the defendants' affirmative defenses.  If you find that any of the defendants' did deprive the plaintiff of his Eighth Amendment rights, the defendants still may not be liable to the plaintiff. This is so because the defendant may have what is known as an affirmative defense for his actions.

### A.   **Qualified Immunity**

39.    One such affirmative defense is called qualified immunity.  Qualified immunity is said to "afford government officials 'breathing room' to make reasonable – even if sometimes mistaken- decisions.

**Authority:** <u>Distisio v Cook</u>, 691 F.3d 226, 240 (2012), quoting <u>Messerschmidt v. Millender</u>, __ U.S. __, 132 S.Ct. 1235, 1239 (2012).

40.    Qualified immunity shields a public official, such as the defendants, from liability provided that his or her conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Even where rights are clearly established, such as the right to be free from cruel and unusual punishment, a defendant official will be entitled to qualified immunity if it was objectively reasonable for him to believe that his actions did not violate those clearly established rights.

To put it another way, an individual defendant will not be entitled to qualified immunity if, at the time of the actions complained of he knew or should have known that his actions were contrary to federal law.  The simple fact that a defendant acted in good faith is not enough to bring him within the protection of this qualified immunity, nor is the fact that a defendant was unaware of federal law.

In deciding what a competent official would have known about the legality of the challenged conduct, you must consider the nature of the defendant's official duties, the character of his official position, the information which was known to him or not known to him, and the circumstances which confronted him.  You must ask yourself what a reasonable official in each defendant's situation would have believed about the legality of his or her conduct.  You should not, however, consider what these defendants' subjective intent was, even if you believe it was to harm the plaintiff.  The relevant question is what a <u>reasonable</u> official in the defendant's situation would have thought about the legality of his or her conduct.  If you find that a reasonable official in a defendant's situation would believe this conduct to be lawful, then he is entitled to qualified immunity.

The defendants have the burden of proving that they neither knew nor should have known that their actions violated federal law.  If a defendant convinces you by a preponderance of the evidence that he neither knew nor should have known that his or her actions violated federal law, then you must return a verdict for that defendant, even though you may have previously found

that this defendant, in fact, violated Mr. Hayes' constitutional rights under color of state law.

Similarly, if a defendant convinces you by a preponderance of the evidence that reasonable correctional officials could disagree over whether their actions violated federal law, then you must return a verdict for that defendant, even though you may have previously found that this defendant in fact violated plaintiff's constitutional rights under color of state law.

**Authority:**  Harlow v. Fitzgerald, 457 U.S. 800 (1982); Scheuer v. Rhodes, 416 U.S. 232 (1974); Anderson v. Creighton, 483 U.S. 635 (1987); Malley v Briggs, 475 U.S. 335, (1986); Whitley v. Albers, 475 U.S. 312 (1986).

### B.    Failure To Exhaust Administrative Remedies

41.    The   Prison Litigation Reform Act, PLRA, 42 U.S.C. § 1997e(a), provides that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  Section 1997e(a) "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."

**Authority:**  Porter v. Nussle, 534 U.S. 516, 532 (2002).

42.    If you find that administrative remedies were available to the plaintiff, and that the   plaintiff did not exhaust available remedies, then you must find in favor of the defendants on all claims in the case, and you should enter a verdict in favor of the defendants. In order to find for the defendants on the

affirmative defense of failure to exhaust, the burden is on the defendants to prove by a preponderance of the evidence that plaintiff failed to properly exhaust.

**Authority**: The failure to exhaust available administrative remedies is an affirmative defense. <u>Jenkins v. Haubert,</u> 179 F.3d 19, 28–29 (2d Cir.1999); <u>Johnson v. Testman</u>, 380 F.3d 691, 695 (2d Cir. 2004)

43.    Proper exhaustion is required which means that plaintiff was required to complete proper exhaustion of administrative remedies, which "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits). If defendants show that plaintiff failed to properly exhaust, then you must find in favor of the defendants.

**Authority**:  <u>Woodford v. Ngo</u>, 548 U.S. 81, 90 (2006)

DEFENDANTS
William Mulligan, Et Al.

GEORGE JEPSEN
ATTORNEY GENERAL

BY: _/s/ Madeline A. Melchionne___

Madeline A. Melchionne
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Tel.:  (860) 808-5450
Fax:  (860) 808-5591
E-mail:<u>madeline.melchionne@ct.gov</u>
Federal Bar #ct02029

22

BY: _/s/ Steven R. Strom_____

       Steven R. Strom
       Assistant Attorney General
       110 Sherman Street
       Hartford, CT 06105
       Tel.:  (860) 808-5450
       Fax:  (860) 808-5591
       E-mail:  steven.strom@ct.gov
       Federal Bar #ct01211

## CERTIFICATION

I hereby certify that on November 13, 2017, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.  A copy was also mailed to the following:

       Steven Hayes
       CT Inmate no. 97425
       PA Inmate no. MQ5447
       SCI at Greene
       175 Progress Drive
       Waynesburg, PA 15370

       _/s/ Madeline A. Melchionne_____
       Madeline A. Melchionne
       Assistant Attorney General